IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLIE CLIFTON TAYLOR**                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 1:13cv510-KS-MTP**

**BALYDIA SHANKS**                                                                         **DEFENDANT**

### REPORT AND RECOMMENDATIONS

THIS MATTER came before the Court for an evidentiary hearing on June 8, 2015, pursuant to 28 U.S.C. § 636 (b)(1)(B) and Federal Rule of Civil Procedure 72(b).[1] The Plaintiff appeared *pro so*, and Vardaman Kimball Smith, III, appeared on behalf of the Defendant Balydia Shanks. The Court having heard the arguments of the parties and considered all the evidence, finds that the Plaintiff has failed to prove his claim by a preponderance of the evidence. Accordingly, the undersigned recommends that this matter be dismissed.

### FACTUAL BACKGROUND

Plaintiff Charlie Clifton Taylor is currently incarcerated at the Mississippi State Penitentiary after having been convicted of manslaughter in Hinds County, Mississippi, and possession of contraband in Holmes County, Mississippi. This lawsuit arises from events that allegedly occurred while the Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI").

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. As set forth in his

---

[1]On September 26, 2013, United States District Judge Keith Starrett referred this matter to the undersigned United States Magistrate Judge for all further proceedings as provided by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, to include conducting hearings and submitting to the District Judge proposed findings of fact and recommendations for the disposition of this cause. *See* Order [15].

1

Complaint [1] and as amended at his *Spears*[2] hearing, Plaintiff asserts a claim of excessive force in violation of the Eighth Amendment against Defendant Nurse Balydia Shanks. Specifically, Plaintiff alleges that on or about September 22 or 24, 2012, he received a breathing treatment from Nurse Shanks and was then escorted back to his cell. Plaintiff alleges that although the cell door was closed behind him, the tray hole, a square foot opening where food trays are passed through, remained open. Plaintiff alleges that he put his face in the tray hole opening and called out to Nurse Shanks in order to thank her for his treatment. Plaintiff asserts that in response, Nurse Shanks walked up to the door and slammed the tray hole door on Plaintiff's face, resulting in the fracture of his tooth. Plaintiff claims that Nurse Shanks intentionally harmed him by slamming the tray hole, and asserts that his tooth still causes him pain. Plaintiff seeks an unspecified amount of monetary damages.[3]

Plaintiff also named Nurse Thomas and Nurse Med as Defendants in this cause. After being afforded several opportunities to clarify his allegations against Thomas and Med, the Court found that Plaintiff had failed to assert a claim against these Defendants, and they were dismissed without prejudice as parties to this action on September 26, 2013.[4]

At the *Spears* hearing in this matter, the Court set a dispositive motions deadline of December 15, 2014.[5] This deadline expired with neither the Plaintiff nor Defendant Shanks filing motions for summary judgment.

---

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing was held on October 21, 2014.

[3]*See* Omnibus Order [32] at 2.

[4]*See* Order [15].

[5]*See* Omnibus Order [32] at 2.

2

Subsequently, the Court set this matter for an evidentiary hearing on June 8, 2015.[6] Plaintiff did not call any witnesses at the hearing, although he did submit documentary evidence consisting of three pages of his medical records.[7] The only document referenced by the Plaintiff at the hearing is Exhibit A, which is a dental record signed by Dr. Keisha Quinn and dated February 5, 2014. The document indicates that Plaintiff suffered from tooth pain, and that Dr. Quinn performed an emergency oral exam. Dr. Quinn opined that Plaintiff had an incisal tooth fracture. She prescribed the Plaintiff medication and stated that the tooth might require a root canal or extraction. The document does not reflect how or when the Plaintiff's tooth was injured.

Plaintiff declined to call any witnesses to testify at the hearing, and stated that he did not wish to testify. Following this declaration, the undersigned repeatedly cautioned the Plaintiff that the failure to present evidence in support of his claim would likely result in the dismissal of this matter. Plaintiff indicated that he understood the consequences of his decision, but nonetheless did not wish to testify and did not wish to call any witnesses. The Plaintiff then rested.

Defendant Shanks also submitted documentary evidence to the Court,[8] but in light of Plaintiff's decision to call no witnesses, the defense rested without a presentation of any testimony.

The undersigned has thoroughly considered Plaintiff's allegations and the evidence submitted at the hearing. Based on the reasoning outlined below, the undersigned concludes that Plaintiff has failed to prove by a preponderance of the evidence that Defendant Shanks violated his constitutional rights by imposing excessive force.

---

[6] *See* Pretrial Order [46] at 5.

[7] *See* Exhibit List [42] at 2.

[8] *See* Pretrial Order [46] at 3.

## ANALYSIS

When prison employees are accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *See Copeland v. Nunan*, No. 00-20063, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 1) (internal quotations and citations omitted). Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39.

Based on the minimal evidence submitted at the evidentiary hearing, the undersigned finds that Plaintiff has failed to show that Defendant Shanks applied any force upon him, much less force that is excessive under the Eighth Amendment. The sole document referenced by the Plaintiff at the hearing merely demonstrates that Plaintiff injured one of his teeth – it does not specify how the injury was sustained. The undersigned also notes that the medical record is dated February 5, 2014, nearly seventeen months after the alleged incident between Plaintiff and Defendant Shanks. That Plaintiff was found to have a fractured tooth many months after the alleged use of excessive force does not lend strong support to his claim, and, as outlined above, does nothing to implicate the

involvement of the Defendant named in this matter.[9] The Plaintiff offered no other evidence to the Court in support of his allegations, despite repeated warnings from the undersigned that doing so would be fatal to his claim.

Based on the foregoing, the undersigned concludes that Plaintiff has failed to establish by a preponderance of the evidence that Defendant violated his constitutional rights by subjecting him to excessive force.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that this action be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

---

[9]Plaintiff's Exhibit B documents another "sick call" where Plaintiff was examined by a nurse on August 22, 2012. In the document, Plaintiff repeats his claim that his tooth was injured by Defendant Shanks.

1415, 1428-29 (5th Cir. 1996).

    THIS, the 9th day of June, 2015.

                                               s/ Michael T. Parker  
                                               United States Magistrate Judge